UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE L. DURDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | ) Case No. CV 11-1211-SP<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On February 18, 2011, plaintiff Willie L. Durden filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

The sole issue presented for decision here is whether the Administrative Law Judge ("ALJ") properly determined at step five that plaintiff is capable of

performing other work in the national economy. Pl.'s Mem. at 5-10; Def.'s Mem. 2-5; Pl.'s Reply at 3-4.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, there is substantial evidence in the record, taken as a whole, to support the ALJ's decision. Specifically, the ALJ properly determined at step five that plaintiff is capable of performing other work in the national economy. The court therefore affirms the Commissioner's decision denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was fifty-two years old on the date of his September 11, 2008 administrative hearing, has a seventh-grade education. *See* AR at 55, 62. His past relevant work includes employment as a security guard, loader and unloader, grocery checker, and dock worker. *Id.* at 69, 128, 137-39.

On December 18, 2006, plaintiff applied for SSI, alleging that he has been disabled since December 31, 2003 due to asthma, hypertension, mental problems, and problems with his heart, kidney, and back. *See* AR at 76, 100-03, 127. Plaintiff's application was denied initially, after which he filed a request for a hearing. *Id.* at 72, 76-80, 81.

At a hearing on April 8, 2008 at which plaintiff failed to appear, the ALJ heard testimony from Dr. Harvey Halperin, a medical expert, and Sandra Snyder, a vocational expert ("VE"). AR at 44-54. On September 11, 2008, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 59-69. The ALJ also again heard testimony from VE Snyder at the September 11, 2008 hearing. *Id.* at 69-71. On April 6, 2009, the ALJ denied plaintiff's request for benefits. *Id.* at 18-33.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since

the date of his SSI application. AR at 20.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of: hypertension, obesity, paranoid schizophrenia, alcohol abuse, and borderline cognitive ability. AR at 20.

At step three, the ALJ determined the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 23.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that he can perform light work with the following limitations: "lift 10 lbs frequently and 20 lbs occasionally"; "stand or walk or sit a total of 6 hours in an 8 hour day"; "occasionally stoop or climb"; "no limits regarding simple instructions or simple judgments"; "precluded from detailed or complex instructions or judgments"; "limited to simple changes in the work routine"; "precluded from interaction with the public"; "occasionally interact with co-workers and supervisors"; and "precluded from production rate jobs with production quotas measured periodically throughout the workday, but he can sustain production rate jobs with quotas to be met at the end of the workday or workweek." AR at 26 (emphasis omitted).

The ALJ found, at step four, that plaintiff is unable to perform any past relevant work. AR at 31.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 32 (emphasis omitted). The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 18, 33.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 9. The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision,

the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends that "[b]ecause the ALJ found significant erosion in [plaintiff's] ability to perform the full range of light unskilled work," the ALJ should have applied Rule 201.10 [2] of the Medical-Vocational Guidelines (the "grids"),[3] 20 C.F.R. pt. 404, subpt. P, app. 2, and found him disabled. Pl.'s Mem. at 7, 10. The court disagrees.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). There are two ways for the Commissioner to meet this burden: (a) by the testimony of a VE; or (b) by reference to the grids. *Tackett*, 180 F.3d at 1100-01 (citations omitted). But the Commissioner may rely on the grids alone "only when the grids accurately and completely describe the claimant's abilities and limitations." *Id.* at 1102 (internal quotation marks and citations

---

[2] According to Rule 201.10, a person limited to sedentary work as a result of severe medically determinable impairment(s) who is closely approaching an advanced age, has limited or less than a high school education, and whose previous work experience is skilled or semiskilled (skills not transferrable), is presumptively disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.10.

[3] The grids present, in table form, a shorthand method for determining the availability and number of suitable jobs for a claimant. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The grids categorize jobs by three physical exertional levels, consisting of sedentary, light, and medium work. *Id.* These exertional levels are further divided by the claimant's age, education, and work experience. *Id.* The grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in the appropriate exertional category. *Id.* A claimant must be able to perform the full range of jobs in an exertional category for the grids to apply. *Id.*

1 omitted).  When a claimant's RFC does not coincide exactly with the "full range" of
2 work in one of the grids' three exertional levels, the Commissioner may not rely
3 solely on the grids and must obtain the testimony of a VE.  *Widmark v. Barnhart*,
4 454 F.3d 1063, 1070 (9th Cir. 2006).

5      Here, the gravamen of plaintiff's argument is that because he was assessed as
6 having an RFC of reduced range of light exertion, Social Security Administration
7 Program Operations Manual System ("POMS") DI 25001.001 ¶B.71 directs the ALJ
8 not to use the light grid rule as a framework for the decision, but instead to use the
9 sedentary grid rule.  Pl.'s Mem. at 8-10; Pl.'s Reply at 3-4.  Plaintiff therefore
10 contends that the ALJ should have used Rule 201.10 and found plaintiff disabled.
11 Pl.'s Mem. at 10.

12      Contrary to plaintiff's contention, however, POMS does not impose judicially
13 enforceable duties upon the ALJ.  *See Hermes v. Sec'y of Health & Human Servs.*,
14 926 F.2d 789, 791 n.1 (9th Cir. 1991) (POMS is an internal Social Security
15 Administration manual, for the use of Social Security Administration employees,
16 and has no "force and effect of law"; however, "[i]t is, nevertheless, persuasive"
17 authority.).  Moreover, even if POMS had the force and effect of law, POMS DI
18 25001.001 ¶B.71 does not mandate the ALJ to use a lower exertional rule level.
19 Instead, it merely suggests using a lower exertional rule as a framework if there is a
20 "considerable reduction in the available occupations at a particular exertional level."
21 *See* POMS DI 25001.001 ¶B.71.

22      The real issue is whether the ALJ was justified in accepting the testimony of
23 the VE, and relying on it as the basis for his conclusion that there were jobs in the
24 economy that plaintiff could perform.  Both parties agree, and the court finds, that
25 plaintiff's RFC does not coincide exactly with the full range of light or sedentary
26
27
28

work.[4]  *See* Pl.'s Mem. at 5-6; Def.'s Mem. at 4-5.  As a result, reliance solely on the grids was not permitted and the ALJ rightfully relied on the testimony of the VE. *See Widmark*, 454 F.3d at 1070.

During the hearing before the ALJ, based upon plaintiff's limitations, the VE testified about two alternative occupations at the light exertional level that plaintiff could perform: (1) laundry sorter (Dictionary of Occupational Titles ("DOT") No. 361.687-014) with 3,500 local positions and 50,000 national positions; and (2) cloth folder (DOT No. 589.687-014) with 7,000 local positions and 60,000 national positions.  AR at 70; *see also Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (citing approvingly decisions that have found several hundred jobs "significant"); 20 C.F.R. § 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements [that the claimant is] able to meet with [his] physical or mental abilities and vocational qualifications.").  Having carefully reviewed the DOT's description of the requirements of the two alternative jobs, the court finds – and plaintiff does not argue otherwise – that there is no inconsistency between the DOT and the VE's testimony.  *Compare* AR at 70 *with* DOT Nos. 361.687-014, 589.687-014.  The VE's testimony therefore qualifies as substantial evidence to support the ALJ's step five finding that plaintiff retains the ability to perform other gainful activity.  *See Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985) ("To qualify as substantial evidence, the testimony of a vocational expert must be reliable in light of

---

[4]  Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds.  *See* 20 C.F.R. § 416.967(b).  A job in this category also requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*  Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  *See* 20 C.F.R. § 416.967(a).  Jobs are sedentary if walking and standing are required occasionally.  *Id.*

the medical evidence." (citations omitted)).

Accordingly, the ALJ met his burden and properly concluded that plaintiff retains the ability to perform other gainful activity that exists in significant numbers in the national economy. *Lockwood v. Comm'r*, 616 F.3d 1068, 1071 (9th Cir. 2010), *cert. denied*, __U.S.__, 131 S. Ct. 2882, 179 L. Ed. 2d 1189 (2011) (the Commissioner's burden, at step five, is only to show "that the claimant can perform some other work that exists in significant numbers in the national economy").

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: March 2, 2012

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE